**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BGA, LLC and THE WESTERN**
**MOHEGAN TRIBE AND NATION**
**OF THE STATE OF NEW YORK,**[1]

                    **Plaintiffs,**

                      v.                                  **1:06-CV-0095**
                                                        **(GLS/RFT)**

**ULSTER COUNTY, NEW YORK,**
**a municipal corporation of the**
**State of New York,**

                      **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

TODTMAN, NACHAMIE,          BARTON NACHAMIE, ESQ.
SPIZZ & JOHNS LAW FIRM
425 Park Avenue
5th Floor
New York, New York 10022

**FOR THE DEFENDANT:**

WALTER, THAYER LAW FIRM      LANNY E. WALTER, ESQ.
756 Madison Avenue
Albany, New York 12208

**FOR THE UNITED STATES:**

_____

[1]Pursuant to a security agreement between BGA, LLC and the tribe, BGA is a secured party assignee with respect to the various rights of the tribe in this matter.

(Appearing *Amicus Curiae*)

| | |
|---|---|
| U.S. DEPT. OF JUSTICE<br>Environment and Natural<br>Resources Division<br>P.O. Box 7611, Ben Franklin Station<br>Washington, D.C. 20044-4390 | AMBER B. BLAHA, ESQ. |
| HON. GLEN T. SUDDABY<br>Office of United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, New York 13261-7198 | WILLIAM H. PEASE<br>Assistant U.S. Attorney |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Indian tribe seeks federal recognition of its sovereignty as an Indian Nation and exemption from future taxation of tribal property in Ulster County. *See Compl., Dkt. No. 1*.[2] On December 29, 2006, the tribe filed a motion for summary judgment. *See Dkt. No. 19.* During a May 3, 2007 hearing, the court requested that the parties supplement their submissions to address the threshold question of the court's jurisdiction. Specifically, the

---

[2]Specifically, the tribe seeks the following relief: (1) a declaration that the tribe is a sovereign Indian Nation, and as such, is exempt from the formal acknowledgment process dictated by the Bureau of Indian Affairs (BIA); and (2) a declaration that the property in question (including the "option property") is designated "Indian Country" and/or "Indian Lands" and therefore exempt from property taxation and foreclosure. *See Compl., Dkt. No. 1.*

2

court asked the parties to brief the following issue: whether an actual case or controversy exists since the County previously stipulated by settlement agreement that it would take no position on the pending motion. *See Dkt. No. 33, 28.* This issue has now been briefed. *See Dkt Nos. 36, 37-40, 41, 42, 43.* For the reasons that follow, the tribe's motion is moot, and the case is dismissed for lack of subject matter jurisdiction.

## II. Background

Plaintiff tribe members are descendants of the Mohegan or Mohican Indians. *See Pl. SMF ¶1, Dkt. No. 19.*[3] The present New York tribal membership resides in Washington, Ulster and Sullivan Counties. *See id.* at *¶16*. In Ulster County, the members occupy real estate commonly known as the "Tamarack property" and claim it as part of their ancestral lands. *See id.* at *¶¶7, 8*. The tribe entered into an agreement to purchase the Tamarack Property from the County in exchange for, *inter alia,* settlement of pending land claims. *See id.* at *¶20*. In sum, the agreement provided the following: (1) the tribe is tax exempt, (2) no future taxes would

---

[3]The tribe claims that it never ceded its sovereign powers to the United States and maintains a government to government relationship with the U.S. As such, it claims that it need not reaffirm its sovereign status through the BIA. *See Pl. SMF ¶¶3-4, Dkt. No. 19.* Alternatively, the tribe claims that based on specific prior treatment by the United States government, it is *de facto* a sovereign nation. *See id.* at *¶¶11-14.*

3

be owed by the tribe on the property, (3) the property would be conveyed to the tribe (or its trustee) for the benefit of the tribe as "Indian Country," and (4) the tribe will make certain payments to the County in lieu of taxes. *See Pl. SMF ¶35, Dkt. No. 19.*[4]

After the agreement, the County refused to accept the tribe's payments in lieu of property taxes, and ultimately, a judgment of foreclosure was entered. *See id.* at ¶¶47, 51. In May 2006, the parties entered into a settlement agreement which declared the foreclosure judgment null and void. *See id.* at ¶56.[5] However, the County did not waive any right to pursue a future tax foreclosure action against the tribe if taxes were not paid. *See id.* Currently, the tribe is paying the County taxes on the property during the pendency of this action. *See Pl. SMF ¶¶60-61, Dkt. No. 19.*

### III. Discussion

**A.   Article III**

---

[4]The agreement required payments of $25,000.00 dollars per year in lieu of taxes (pilot payments), or 5% of any net revenue derived by any use or activities on the property not to exceed $250,000.00. *See id.* at ¶25.

[5]As part of this agreement, the tribe amended its complaint to solely seek declaratory relief from this court. *See Pl. SMF ¶25, Dkt. No. 57.* Ulster County agreed to take a neutral position on the factual allegations set out in ¶¶7-46 of the amended complaint.

4

The tribe contends that an actual case or controversy exists because the County maintains the future right to tax and foreclose on tribal property. In response, the Government argues that no case or controversy exists because the County takes no adverse legal or factual position on the issues before the court.

Article III of the Constitution limits the judicial authority of federal courts to "cases" and "controversies."  U.S. CONST. art. III, § 2; *see also Vt. Right to Life Comm., Inc. v. Sorrell,* 221 F.3d 376, 381-82 (2d Cir. 2000). "Because Article III is a limit on judicial power, a court will not have subject matter jurisdiction over an action absent the requisite case or controversy." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.*, 24 F.3d 427, 431 (2d Cir. 1994) (citation omitted).  "A federal court may only be called upon 'to adjudge the legal rights of litigants in actual controversies[.]'" *Id.* (citation omitted).  In other words, for there to be a case or controversy, "a dispute must exist between two parties having adverse legal interests." *Id*; *see also Rehberger v. MRW Group, Inc.*, 05-CV-210, 2005 WL 1544806, at *2 (E.D.N.Y. June 28, 2005).

Moreover, "[f]ederal district courts have discretion, in appropriate circumstances, to grant declaratory relief; but 'a mere demand for [such]

5

relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction.'" *Jenkins v. U.S.*, 386 F.3d 415, 417 (2d Cir. 2004) (citation omitted).  The Declaratory Judgment Act specifically provides: "[i]n a case of actual controversy...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  The Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (also stating that the Act "confers discretion on the courts rather than an absolute right upon the litigant.").  Moreover, a plaintiff requesting declaratory relief must show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 127 S. Ct. 764, 771 (2007) (internal quotation marks and citation omitted).

**B.   <u>Analysis</u>**

By settlement agreement, the County previously stipulated that it would take no position on the factual and/or legal conclusions set forth in the tribe's motion for summary judgment.  Therefore, the tribe and the

County do not have adverse legal interests with respect to the issues presented to the court.[6]  In fact, the County, as a local political entity, has no direct control over the question of sovereignty, which lies at the heart of the tribe's requested relief.  Moreover, the County is not the appropriate party to sue for the type of relief sought by the tribe since, *inter alia*, it does not have the authority to alter the tribe's state and/or federal tax status.  Most notably, the tribe is not asking the court to settle its underlying contract dispute with the County.  *See Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 753 (2d Cir. 1996) (No genuine dispute existed between the parties under the Nonintercourse Act, and instead, the cause of action arose solely under state law).  In sum, the County's refusal to take a position on the factual and legal conclusions set out in the tribe's motion removes any substantial controversy for the court to decide.  Therefore, the court lacks subject matter jurisdiction.  Accordingly, the motion is moot, and the case is dismissed for lack of jurisdiction.

---

[6]Other circuits have previously held that due to stipulations predetermined by the parties via settlement agreement "there [were] no live parties with a live controversy before the court" and thus, the district court was "powerless to act." *Fenner v. Cont'l Diving Serv., Inc.,* 543 F.2d 1113, 1117 (5th Cir. 1976).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that plaintiff's motion for summary judgment (*Dkt. No. 19*) is **DENIED** as moot; and it is further

**ORDERED**, that the complaint is **DISMISSED IN ITS ENTIRETY** (*Dkt. No. 1)* because the court lacks subject matter jurisdiction over the case; and it is further

**ORDERED** that the Clerk enter judgment in favor of the defendants and close the case; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge