**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BGA, LLC and THE WESTERN**
**MOHEGAN TRIBE AND NATION**
**OF THE STATE OF NEW YORK,**

     **Plaintiffs,**
   v.          **1:06-CV-0095**
                **(GLS/RFT)**
**ULSTER COUNTY, NEW YORK,**

     **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.<br>425 Park Avenue, 5th Floor<br>New York, New York 10022 | BARTON NACHAMIE, ESQ. |
| **FOR THE DEFENDANT:** | |
| WALTER, THAYER & MISHLER, P.C.<br>756 Madison Avenue<br>Albany, New York 12208 | LANNY E. WALTER, ESQ. |
| **FOR THE UNITED STATES:** | |
| U.S. DEPT. OF JUSTICE<br>Environment and Natural Resources Division<br>P.O. Box 4390, Ben Franklin Station<br>Washington, D.C. 20044-4390 | AMBER B. BLAHA, ESQ. |

| | |
|---|---|
| HON. GLENN T. SUDDABY<br>Office of United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, New York 13261-7198 | WILLIAM H. PEASE<br>Assistant U.S. Attorney |

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs BGA, LLC ("BGA") and The Western Mohegan Tribe and Nation of the State of New York (the "Tribe") have moved for reconsideration of the court's August 23, 2007 Memorandum-Decision and Order. The motion for reconsideration is granted; however, for the reasons that follow, the court affirms its dismissal of this action.

## II. Facts and Procedural History

The relevant facts are recited in the court's August 23, 2007 Memorandum-Decision and Order,[1] and will not be repeated in detail here. Plaintiffs, under the purported threat of imminent taxation and/or foreclosure by the defendant, Ulster County, filed this action seeking a judgment declaring, *inter alia,* that the Tribe is a sovereign Indian Nation,

---

[1] *BGA, LLC v. Ulster County,* No. 06-0095, 2007 WL 2454220 (N.D.N.Y. Aug. 23, 2007).

2

and that certain property in its possession constitutes "Indian Country" which is exempt from taxation and foreclosure.  *See Amended Complaint; dkt. 4.*  The plaintiffs filed a motion for summary judgment, *dkt. 19,* which was not opposed by Ulster County.[2]  However, the United States of America submitted a brief, as *amicus curiae,* objecting to the relief sought by the plaintiffs.  *Dkt. 24.*  In light of the fact that Ulster County did not object to the plaintiffs' summary judgment motion, and in light of the court's perception that Ulster County appeared to contest neither the legal nor factual assertions made by the plaintiffs, the court requested additional briefing regarding whether a genuine case or controversy existed.  *See Minute Entry; dkt. 33.*  Upon review of the supplemental briefs submitted by the plaintiffs and the United States, the court dismissed the action for lack of subject matter jurisdiction.  Pending is the plaintiffs' motion for reconsideration.

---

[2]Ulster County did not file a brief in opposition to the plaintiffs' motion for summary judgment; instead, it filed an affidavit stating that "[t]he County has agreed not to take any position on the Plaintiffs' motion."  *Dkt. 25.*  Additionally, the County filed a Statement of Material Facts pursuant to N.D.N.Y. R. 7.1, in which it either admitted, or took no position with respect to, each of the facts alleged in the plaintiffs' Rule 7.1 Statement.  *Dkt. 28.*

## III. Discussion

### A. Standard of Review

The standard of review a court employs in considering a motion for reconsideration is well-established, and need not be repeated here. *See, e.g., Lust v. Joyce,* No. 05-cv-613, 2007 WL 3353214, at * 1 (N.D.N.Y. Nov. 9, 2007). Of relevance to this case is the principle that a court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice." *C-TC 9th Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'Ship),* 182 B.R. 1, 3 (N.D.N.Y. 1995). The court is not persuaded that its earlier holding was in error. Nevertheless, because certain language in the court's opinion may have been imprecise, and because the question is a close one, the court has decided to revisit the grounds on which it dismissed the case.

### B. Case or Controversy

The court's previous dismissal of this case was based, in part, on the fact that no case or controversy existed between the parties. In the court's view, the Settlement Agreement, dated May 15, 2006, between BGA, the Tribe, and Ulster County, *see dkt. 9,* resolved the factual and legal issues presented in this case.

4

In their motion for reconsideration, the plaintiffs contend that the court misconstrued the Settlement Agreement. According to the plaintiffs, the Settlement Agreement merely provided that Ulster County would stipulate to the *factual* allegations in the plaintiffs' Amended Complaint. Upon review of the Settlement Agreement, the court concedes that, by its plain language, the County agreed only "that its Answer to the Amended Complaint will not deny or contest any of the factual allegations set forth in paragraphs 7 through 46 of the Amended Complaint." *Dkt. 9.* However, leaving aside the language of the Settlement Agreement, Ulster County's conduct in this case suggests the absence of a justiciable controversy. First, Ulster County has represented to the court that it "has agreed not to take any position on the Plaintiffs' motion." *Walter Affirmation, ¶ 2; dkt. 25.* Second, Ulster County has not submitted a brief in opposition to the plaintiffs' motion for summary judgment. It is thereby difficult for the court to pinpoint the issues, if any, that are actually in dispute.

Finally, and most importantly, although Ulster County did not contest the "factual allegations" contained in paragraphs 7 through 46 of the Amended Complaint, at least one of these "facts" amounts to a legal conclusion that goes directly to the relief requested. Specifically, in

5

paragraph 9 of the Amended Complaint, the plaintiffs allege that because of the Tribe's "special relationship with the federal government, the Tribe *is not required to seek any re-affirmation of its recognized relationship with the federal government from the Department of the Interior.*"  *Dkt. 4 (emphasis added).*  This statement of "fact," uncontested by Ulster County, is virtually identical to the key declaration that the plaintiffs seek from the court: namely, a declaration "that the Tribe is a sovereign Indian Nation and . . . *is not required to seek any re-affirmation of its recognized relationship with the federal government from the Department of the Interior.*"  *Amended Complaint, ¶ 69(a); dkt. 4 (emphasis added).*  Under these circumstances, the plaintiffs cannot maintain that there is any difference of opinion between the parties concerning the legal question of sovereignty.  Plaintiffs state that the Tribe has sovereign status, and defendant, in essence, agrees.

The plaintiffs correctly point out that Ulster County intends to treat the property in question as taxable, s*ee Answer, ¶ 4; dkt. 6,* and that the Tribe objects to such taxation.  This suggests that, at least in one sense of the word, a "controversy" exists between the parties.  However, whatever controversy may exist concerning the taxation of the Tribe's property, it is

6

not implicated in this action.  As the plaintiffs themselves note, Ulster County has already "declared the Tribe to be a 'Sovereign Nation,'" and has "stipulated in a Resolution and in a written agreement with the Tribe that the Property was to have the status of 'Indian Country.'"  *See Plaintiffs' Statement of Material Facts,* ¶¶ *12(iii), 12(iv); dkt. 19.*   In spite of these concessions, however, the County still intends to treat the Tribe's property as taxable.  Thus, declarations to the effect that the Tribe is a Sovereign Nation and its property is Indian Country are unlikely to have any material effect on the disagreement between the parties, because the County has already conceded as much.  In sum, although a controversy may exist between the parties, such controversy is not before the court.[3]

## C. <u>Alternative Grounds for Dismissal</u>

In light of the court's determination that no justiciable controversy exists in this case, it is not necessary to consider alternative grounds for dismissal.  Nevertheless, because the justiciability question is a close one, the court deems it prudent to do so.  The court concludes that this case presents a textbook example of a case in which a court should exercise its

---

[3]Importantly, the plaintiffs have not here sought an injunction prohibiting taxation, nor have they brought suit to enforce the County's purported contractual agreement not to tax the Tribe's property.

discretionary power to decline jurisdiction over a declaratory judgment action.  *See* 28 U.S.C. § 2201 (court "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); *Muller v. Olin Mathieson Chem. Corp.,* 404 F.2d 501, 505 (2d Cir. 1968) (noting that "even when justiciability is present the court is not required to proceed with the declaratory judgment action, for it is well settled that a trial court's decision to exercise declaratory jurisdiction is a discretionary one").

Several factors convince the court that it should decline to exercise jurisdiction in this case.  First, the declaratory relief requested by the plaintiffs would have a broad impact reaching far beyond the limits of this case.  *See Pub. Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 243 (1952) ("A maximum of caution is necessary in the type of litigation that we have here, where a ruling is sought that would reach far beyond the particular case.").  A declaration that the Tribe is a sovereign Indian Nation and that the property in question is Indian Country would have repercussions on the Tribe's relationships not only with the defendant, Ulster County, but with federal and New York state entities as well.  The court is loath to grant the broad relief requested by the plaintiffs when the

8

defendant has not vigorously contested the plaintiffs' entitlement to such relief.

As a second, and related, point, the court is particularly reluctant to resolve a difficult issue with potentially wide-ranging consequences where such resolution is not absolutely necessary. *See El Dia, Inc. v. Hernandez Colon,* 963 F.2d 488, 494 (1st Cir. 1992) ("Especially when matters of great public moment are involved, declaratory judgments should not be pronounced 'unless the need is clear, not remote or speculative.'") (citation omitted). Here, it appears that the dispute between the parties may be subject to resolution by reference to the taxation provisions contained in the Agreement and Mutual Release, dated January 5, 2001, between the County and the Tribe. *See Exh. C to the Roberts Aff.; dkt. 19.*[4] Moreover, as discussed above, the court is not persuaded that the declarations requested by the plaintiffs would necessarily resolve the dispute between the Tribe and Ulster County. It appears that Ulster County does not dispute that the Tribe is a sovereign entity; nevertheless, the County still

---

[4]The Agreement and Mutual Release is not at issue before the court, and thus the court will not endeavor to construe it. It suffices to note that the Agreement and Mutual Release (in conjunction with the Resolution incorporated therein) arguably contains a covenant on the part of Ulster County to treat the Tribe's property as tax exempt. *See Exhs. B and C to the Roberts Aff.; dkt. 19.*

9

insists on treating the Tribe's property as taxable.

Furthermore, the court rejects the view that a "substantial and immediate controversy" exists which requires the court to resolve the status of the relationship between the Tribe and Ulster County.  *See Pls.' Resp. to Amicus Curiae Br. of the United States,* ¶ 3; dkt. 29.  Contrary to the plaintiffs' contention, it is not the case that "if the Court declines to make the determination of whether the Tribe is an Indian tribe for purposes of the federal Nonintercourse Act, 25 U.S.C. § 177, the Tribe will be unable to save its Property from foreclosure by the defendant, Ulster County."  *Id.*  There is no indication that the County has initiated foreclosure proceedings.  At such time as the County does initiate such proceedings, the Tribe will remain free to assert its sovereignty as a defense to foreclosure.[5]

In summary, for the foregoing reasons, even if this case presented a justiciable case or controversy, the court would choose not to exercise jurisdiction over this declaratory judgment action.

---

[5] It appears that the Tribe raised just such an argument in a previous foreclosure proceeding.  *See Pls.' Resp. to Amicus Curiae Br. of the United States,* ¶ 6; dkt. 29.  The County Court rejected the argument on the grounds that the Tribe is not recognized by the Bureau of Indian Affairs.  *Id.*  As such, the present suit smacks of a collateral attack on a state court judgment.  The parties have not briefed this issue, however, and it is unnecessary for the court to address it in light of its dismissal of the case.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that plaintiffs' motion for reconsideration (Dkt. No. 49) is GRANTED; and it is further

**ORDERED,** that the Court's August 23, 2007 Memorandum-Decision and Order is AFFIRMED.

**IT IS SO ORDERED.**

Dated: January 7, 2008
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge